IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KELVIN RANDAL KING, ID # 1037711, | ) | |
| Petitioner, | ) | |
| vs. | ) | No. 3:04-CV-0414-M |
| | ) | |
| DOUGLAS DRETKE, Director, | ) | |
| Texas Department of Criminal | ) | |
| Justice, Correctional Institutions Division, | ) | |
| Respondent. | ) | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and an Order of the Court in implementation thereof, subject cause has previously been referred to the United States Magistrate Judge. The findings, conclusions, and recommendation of the Magistrate Judge are as follows:

## I. BACKGROUND

**A. Nature of the Case:** This is a petition for habeas corpus relief filed by a state inmate pursuant to 28 U.S.C. § 2254.

**B. Parties**: Petitioner is an inmate currently incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division (TDCJ-CID). Respondent is Douglas Dretke, Director of TDCJ-CID.

**C. Procedural History:** On January 24, 2001, petitioner was convicted of aggravated robbery in Cause No. W00-01413-UL, and received a thirty-five year sentence. (Pet. Writ of Habeas Corpus (Pet.) at 2.) On July 17, 2002, the court of appeals affirmed his conviction. (*Id.* at 3.) Petitioner filed no petition for discretionary review. *King v. State,* No. 05-01-0162-CR, http://www.courtstuff.com/FILES/05/01/05010162.HTM (docket sheet information generated July 13, 2005) (Official

internet site of the Court of Appeals for the Fifth District of Texas at Dallas). On July 15, 2003, petitioner filed a state petition seeking habeas relief, and the Texas Court of Criminal Appeals denied the petition on January 14, 2004. (Pet. ¶ 11.)

Petitioner filed his federal petition on February 21, 2004, when he placed it in the prison mail system.[1] (Pet. at 9); *see also Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999) (recognizing that prisoners file their federal pleadings when they place them in the prison mail system). He claims that his attorney rendered ineffective assistance at the end of trial by failing to "raise issue of insufficient evidence" or "move for dismissal", and that he rendered ineffective assistance at the punishment phase by failing to object to the trial court's interrogation regarding an inadmissible prior conviction and to the enhancement of his sentence based on that conviction. (Pet. at 7.)

## II. STATUTE OF LIMITATIONS

Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. 104-132, 110 Stat. 1217, on April 24, 1996. Title I of the Act applies to all federal petitions for habeas corpus filed on or after its effective date. *Lindh v. Murphy*, 521 U.S. 320, 326 (1997). Because petitioner filed the instant petition after its effective date, the Act applies to his petition.

Title I of the Act substantially changed the way federal courts handle habeas corpus actions. One of the major changes is a one-year statute of limitations. *See* 28 U.S.C. § 2244(d)(1). The one-year period is calculated from the latest of either (A) the date on which the judgment of conviction became final; (B) the date on which an impediment to filing an application created by State action

---

[1] Petitioner states that he placed the petition in the prison mailing system on February 21, 2004, but inconsistently states that he executed the petition on February 23, 2004. (*See* Pet. at 9.) Because it makes no difference to ultimate outcome in this case, the Court utilizes the earlier date as the date of filing.

in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; (C) the date on which the Supreme Court initially recognizes a new constitutional right and makes the right retroactively applicable to cases on collateral review; or (D) the date on which the facts supporting the claim became known or could have become known through the exercise of due diligence. *See id.* § 2244(d)(1)(A)-(D).

Petitioner has alleged no state-created impediment under subparagraph (B) that prevented him from filing his federal petition. Nor does he base his petition on any new constitutional right under subparagraph (C). Thus, as § 2244(d)(1) relates to this case, the Court will calculate the one-year statute of limitations from the latest of (A) the date petitioner's conviction became final or (D) the date on which he knew or should have known with the exercise of due diligence the facts supporting his claims.

With regard to subparagraph (A), the date petitioner's judgment of conviction became final, the state judgment of conviction became final for purposes of § 2244(d) upon the expiration of the time for seeking further review through the filing of a PDR, *i.e.* thirty days after the appellate court rendered its judgment on July 17, 2002. *See Roberts v. Cockrell*, 319 F.3d 690, 692 (5th Cir. 2003) (rejecting reliance upon the date of mandate and relying on TEX. R. APP. P. 68.2 for the thirty day period to file a PDR). Petitioner's relevant state judgment thus became final on August 16, 2002.

With regard to subparagraph (D), the Court determines that the facts supporting the claims raised in the instant petition became known or could have become known through the exercise of due diligence prior to the date petitioner's conviction became final on August 16, 2002. Petitioner

would have known the factual bases for his claims of ineffective assistance of counsel at the end of his trial and at punishment.

Because petitioner filed his February 21, 2004 petition more than one year after his conviction became final on August 16, 2002, a literal application of § 2244(d)(1) renders the filing untimely.

## III. TOLLING

The AEDPA expressly and unequivocally provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending *shall not be counted toward any period of limitation under this subsection*." 28 U.S.C. § 2244(d)(2) (emphasis added). Thus, the clear language of § 2244(d)(2) mandates that petitioner's time calculation be tolled during the period in which his state habeas application was pending before the Texas state courts. *See also Henderson* v. *Johnson*, 1 F. Supp. 2d 650, 652 (N.D. Tex. 1998) (holding that the filing of a state habeas application stops the one-year period until ruling on state application).

In this case, when petitioner filed his state petition on July 15, 2003, he had used 333 days of the year he had to file the instant federal petition. Nevertheless, the filing of his state petition tolled the statute of limitations until the Texas Court of Criminal Appeals denied the writ on January 14, 2004. The AEDPA clock began to run again on January 15, 2004, and expired six days before petitioner filed the instant petition thirty-eight days later on February 21, 2004. Accordingly, the statutory tolling provision does not save the instant federal petition.

With regard to equitable tolling, nothing in the petition or supporting memorandum indicates that rare and exceptional circumstances warrant equitable tolling. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (recognizing that statute of limitations is subject to equitable tolling).

Because neither statutory nor equitable tolling saves petitioner's February 21, 2004 filing, the filing falls outside the statutory period of limitations and should be deemed untimely.

## IV. RECOMMENDATION

For the foregoing reasons, the undersigned Magistrate Judge **RECOMMENDS** that the Court find the request for habeas corpus relief brought pursuant to 28 U.S.C. § 2254 barred by statute of limitations and **DENY** it with prejudice.

**SIGNED this 29th day of September, 2005.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on all parties by mailing a copy to each of them. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. Failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE